UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WANDA SMITH, ET AL** | : | **CIVIL ACTION NO. 19-00964** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WALMART INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiffs Wanda Smith and Leonard Smith. Doc. 6. The motion is opposed by defendants Walmart, Inc. and Sam's East, Inc. (collectively referred to as defendants). Doc. 8. The motion has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **DENIED**.

**I.**
**BACKGROUND**

In the petition filed in state court Wanda Smith alleges that on March 18, 2018, she suffered injuries when she slipped and fell on a substance on the floor in the frozen section of Sam's Wholesale Club located in Lake Charles, Louisiana. Doc. 1, att. 1. The petition also sets forth a claim for loss of consortium on behalf of her spouse Leonard Smith. *Id.* at ¶ X. Wanda Smith claims that the accident caused "injuries to her back, neck, hips, ankle, and foot" and she seeks damages for "past and future mental anguish and physical suffering, loss of enjoyment of life, past and future lost wages, past and future expenses for medical care, and impairment and disability"

which she claims exceed the minimum requirement for a trial by jury.[1]  *Id.* at ¶¶ IX, XI.

On April 2, 2019, defendants served on plaintiffs Interrogatories and a Request for Admission in order to determine whether the amount in controversy exceeded seventy-five thousand ($75,000) dollars, the amount required for jurisdiction under 28 U.S.C. § 1332. Doc. 1, att. 2.  The Interrogatory asked, "[d]oes the matter in controversy exceed the sum of $75,000, exclusive of interest and costs?" and the Request for Admission asked, "[d]o you admit that the matter in controversy arising out of the incident which occurred on or about March 18, 2018, which is the subject of the captioned matter does not exceed the sum of $75,000, exclusive of interest and costs?"  *Id.*, doc. 8, pp. 1-2.  Defendants maintain that to date plaintiffs have not answered the Interrogatory.  Doc. 8, p. 2.  On April 30, 2019, plaintiffs replied to the Request for Admission stating, "[d]enied, the amount in controversy may exceed $75,000, exclusive of interest and costs."  Doc. 1, att. 3.

Defendants deposed Wanda Smith on July 16, 2019, at which time she testified that, as a result of the accidentm she underwent surgery on her right ankle and suffered injuries to her back and leg.  Doc. 1, att. 4, pp 8-11.  Defendants removed the matter to this court on July 25, 2019, which they claim is within thirty days of the deposition and within thirty days of receipt of the deposition transcript.

Plaintiffs maintain that removal is untimely because defendants should have removed the matter within thirty days of April 30, 2019 the date of receipt of the answer to the Request for Admission which stated that the amount in controversy may exceed $75,000.  Therefore, plaintiffs suggest, removal is untimely and the case should be remanded.

---

[1] Louisiana Code of Civil Procedure article 1732 provides for a jury trial when damages exceed fifty thousand ($50,000) dollars.

## II.
### LAW AND ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific monetary value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that supports a finding of the requisite amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

Under 28 U.S.C. § 1446(b), the notice of removal generally must be filed within 30 days of defendant's receipt of the complaint. This limitations period is only triggered, however, if the initial pleading "*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of federal court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013)(emphasis in original) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

If, however, the case stated by the initial pleading is not removable, removal must be effected within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Here both parties concede that diversity exists and that the amount in controversy is met.  Plaintiffs move to remand, however, because they allege defendants have failed to meet a procedural requirement of removal, namely timeliness.  While plaintiffs do not contend that defendants should have removed within thirty days of the initial pleading, they argue that defendants should have removed within thirty days of receipt of an "other paper" from which they should have ascertained removability.  Plaintiffs maintain that their answer to the Request for Admission wherein they stated that the amount in controversy may exceed $75,000 was clear and unambiguous thus triggering the thirty-day deadline for removal.  Since defendants removed beyond that thirty-day deadline, plaintiffs maintain that the removal was untimely and the case should be remanded.

Defendants argue that it did not become "unequivocally clear and certain" that plaintiffs' case was removable until after Wanda Smith's deposition and receipt of the deposition transcript wherein they first discovered the extent of her injuries.  Contrary to plaintiffs' argument, defendants maintain that the answer to the Request for Admission that stated damages "may" exceed $75,000 was uncertain and insufficient to trigger the removal clock.  At the time of the

answer to the Request for Admission, according to defendants, they were not in possession of any medical reports, bills, or any other information that would allow them to assess plaintiffs' damages. Defendants maintain that the insertion of the word "may" in the response made the answer equivocal and without further information removal at this juncture would have been a "protective removal" which federal courts seek to avoid. Doc. 8, pp. 6-7.

We agree with defendants. In *Bosky*, the Fifth Circuit found that to start the time limit running for a notice of removal based on "other paper" the information contained in the other paper must be "unequivocally clear and certain." *Bosky*, 288 F.3d at 211. The court stated that "this clearer threshold promotes judicial economy" and reduces "protective removals by defendants faced with an equivocal record." *Id.*

While plaintiffs compare this case to another case pending in this court, *Young, et al v. WalMart, Inc., et al*, No. 2:19-678 (W.D. La.), we find that the facts surrounding the removal in that matter distinguishable. The *Young* case was removed to this court on May 29, 2019. *Id.* at doc. 1. Plaintiffs claim that in *Young* the defendants propounded the same Request for Admission and plaintiffs gave the identical response; that the amount in controversy "may" exceed $75,000. Yet, according to plaintiffs, defendants removed that case based on their response to the Request for Admission even though in the present matter defendants allege that this response is ambiguous and did not trigger the removal clock. We have examined the removal in the *Young* case and, unlike the matter before us here, at the time of the *Young* removal defendants were in possession of and attached as an exhibit to the removal not only the answer to the Request for Admission but also medical records and expenses that totaled $31,681.96. *Young,* No. 2:19-678 (W.D. La.), doc. 1, atts. 4, 5.

Here, defendants claim that they had no information about the extent of Wanda Smith's injuries until after she was deposed. We therefore find that it only became "unequivocally clear and certain" that the case was removable after defendants discovered that Wanda Smith underwent surgery to her ankle and experienced other injuries to her back and leg. Defendants removed the case to this court on July 25, 2019, within thirty days of receipt of the deposition transcript. Removal is therefore timely. We find that defendants have met their burden of showing that removal was procedurally proper and federal jurisdiction exists.

### III.
#### Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that plaintiff's Motion to Remand [doc. 6] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of November, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE